## MARYLAND CASUALTY CO. et al. v. UNITED STATES.

### No. 10655.

Circuit Court of Appeals, Ninth Circuit.

Oct. 10, 1944.

Sims & Sims and Dewey H. Palmer, all of Portland, Or., for appellants.

Harry L. Raffety and Merwin Rankin, both of Portland, Or., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

Pursuant to the terms of 40 U.S.C.A. § 270b, Ralph S. Adams, as use plaintiff, brought suit to recover money due under a contract against the Maryland Casualty Company as surety on the bond of H. J. Settergren, an intervenor in the action. Judgment was entered against both defendant and intervening defendant. They appeal.

Settergren entered into a contract to construct certain ordnance storage facilities for the United States. He, as principal, and the Maryland Casualty Company, as surety, executed a payment bond in accordance with 40 U.S.C.A. § 270a. Under its provisions the obligation of the bond was to remain in full force and effect unless the principal made prompt payment to all persons supplying labor and materials in the performance of work required by the government contract and by any duly authorized modifications thereof.

Adams, doing business as the Adams Roof Company, entered into a subcontract with Settergren to waterproof 20 ammunition storage igloos for the price of $21,240, or $1,062 per igloo. Subsequently, the specifications of the basic contract were changed by the United States Engineers, dampproofing of the igloos being substituted for waterproofing. Adams in a letter to Settergren quoted a deduction from his original price to allow for the alteration in specifications; the letter was accepted by Settergren.

After the work was completed, Settergren demanded a breakdown of Adams' costs, but Adams refused to supply the same on the ground that the price for his work was fixed in the amended contract. Failing to receive payment in full, Adams brought the instant action claiming that the amount due him after modification of the subcontract was $16,855 of which $3,091.50 had not been paid. The trial court, sitting without a jury, awarded him judgment in the latter amount.

The theory of Settergren's appeal is that the change in contract specifications effected a saving of $12,000 or more, a sum far in excess of Adams' deduction from the original contract price, and that the amounts already paid to Adams under the contract constituted an overpayment of $2,164.50. Settergren summarizes his position as follows: "The appellant claims that the written modification was supplemented by an oral agreement that the appellee would supply a breakdown of the costs due to the change order and that the profits would be divided equally between the contractor and the subcontractor, and that the breakdown was required under his contract with the United States Government for proper adjustment due to the change order made by the Army Engineers."

No authority is cited by appellants in support of their claim that, when specifications are changed, a breakdown of costs on the change order must be supplied by a subcontractor to the general contractor. The article dealing with changes in the mandatory and standard form of government contract for construction makes no such requirement, 41 U.S.C.A. p. 746, Article 3. Therefore, we cannot say that the furnishing of such a breakdown was a condition precedent to recovery herein by the subcontractor.

The trial court found that the subcontract was not modified by oral agreement as to breakdown of costs or as to equal division of profits, and there is substantial evidence in support of this as well as of all the other findings.

No other claimed errors are substantially argued in appellants' brief.

Whether there has been or will be a readjustment of the sum provided in the contract to be paid by the government by reason of the change herein mentioned is not here in issue.

Affirmed.